[No. S102965. Feb. 19, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
HENRY JAMES HOLMES, Defendant and Appellant.

## COUNSEL

Cindi B. Mishkin, under appointment by the Supreme Court, and James R. McGrath, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner and Robert R. Anderson, Chief Assistant Attorneys General, Gary W. Schons, Assistant Attorney General, Laura Whitcomb Halgren, Robert M. Foster, Pamela A. Ratner Sobeck and Elizabeth A. Hartwig, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MORENO, J.**—There are two types of guilty or no contest pleas in California: (1) a conditional plea, where the plea is conditioned upon receipt of a particular disposition; and (2) an unconditional or open plea. (*People v. Hoffard* (1995) 10 Cal.4th 1170, 1181 [43 Cal.Rptr.2d 827, 899 P.2d 896].) When taking a conditional plea of guilty or nolo contendere (hereafter no contest) to an accusatory pleading charging a felony, a trial court is required by Penal Code section 1192.5[1] to "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." We granted review in this case to consider whether the trial court established a sufficient factual basis for defendant's guilty plea as required by section 1192.5. In doing so, we provide

---

[1] All further statutory references are to the Penal Code.

guidelines for the trial courts regarding how to comply with their obligations under section 1192.5 and what constitutes a "factual basis for the plea."

We conclude that in order for a court to accept a conditional plea, it must garner information regarding the factual basis for the plea from either defendant or defense counsel to comply with section 1192.5. If the trial court inquires of the defendant regarding the factual basis, the court may develop the factual basis for the plea on the record through its own examination by having the defendant describe the conduct that gave rise to the charge (*People v. Watts* (1977) 67 Cal.App.3d 173, 179 [136 Cal.Rptr. 496] (*Watts*)), or question the defendant regarding the factual basis described in the complaint or written plea agreement. (See, e.g., *United States v. Sias* (5th Cir. 2000) 227 F.3d 244, 245, fn. 1; *United States v. Montoya-Camacho* (5th Cir. 1981) 644 F.2d 480, 487 (*Montoya-Camacho*).) If the trial court inquires of defense counsel regarding the factual basis, it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement. (*People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1576–1579 [8 Cal.Rptr.2d 392] (*Wilkerson*).) Under either approach, a bare statement by the judge that a factual basis exists, without the above inquiry, is inadequate. (*People v. Tigner* (1982) 133 Cal.App.3d 430, 434, 435 [184 Cal.Rptr. 61] (*Tigner*).)

In the present case, the trial court asked defendant whether he did what was charged in the complaint. Because the complaint adequately contains a factual basis for the plea, we affirm the judgment of the Court of Appeal that the trial court complied with the section 1192.5 factual basis requirement.

## I. Factual and Procedural Background

On April 18, 2000, defendant Henry James Holmes was charged in a two-count complaint alleging assault with intent to commit rape (a felony under section 220) and sexual battery (a misdemeanor under section 243.4, subdivision (d)). The complaint lists the charged offenses, names of the defendant and victim, and date and location of the charged offenses, and briefly describes the factual basis for the charged offenses. Count 1 of the complaint states, "The above named defendant(s) committed a violation of Penal Code section 220, a felony, in that on or about March 24, 2000, in the County of Riverside, State of California, he did willfully and unlawfully assault Sandra R., with the intent to commit rape." Count 2 of the complaint states that "he did willfully and unlawfully direct and indirectly touch an intimate part of another person, to wit: Sandra R., for the purpose of sexual arousal, sexual gratification, and sexual abuse, against the will of said person." Other than the complaint, the record contains no facts regarding the underlying offense.

On May 10, 2000, defendant entered a plea of not guilty. At his arraignment, a public defender was appointed to represent him. Following the arraignment, but prior to his plea, defendant sent two letters to the court. In the first letter, filed on May 22, 2000, defendant asked that his case be dismissed because the police report was incomplete and omitted the name of a witness whose testimony could exculpate him. The second letter, filed on May 30, 2000, claimed that the police report omitted key facts about his contact with the woman—the basis of the alleged sexual assault. The letter described the events preceding the arrest on March 24, 2000, and claimed that the victim had offered defendant sex for money and requested a ride. In response, defendant alleged he pushed the victim away, knocking her down.

On June 1, 2000, defendant appeared with counsel and entered a plea of guilty to count 1 in the complaint—assault with intent to commit rape. As part of the plea, count 2—the misdemeanor sexual battery charge—was dismissed and defendant was promised a sentence of two years in state prison. At the plea hearing, defendant acknowledged that he had read and signed the felony plea form. The plea form included a section, initialed by defendant, that stated without elaboration that "there is a factual basis for my plea." Both the prosecution and defense counsel signed the form.

The trial judge next attempted to ascertain the factual basis for the plea. The following exchange occurred:

"THE COURT: After examining the defendant, [the] Court determines that the defendant has knowingly and intelligently waived his rights. He understands the charges against him and consequences of his plea. Mr. Holmes, did you get a copy of your Complaint, your felony Complaint?

"DEFENDANT: Yes, ma'am.

"THE COURT: Did you do what it says you did in Count 1 on March 24th, 2000 in Riverside County?

"DEFENDANT: Yes, ma'am.

"THE COURT: [The] Court finds there is a factual basis for the plea. The defendant has personally and orally entered his plea of guilty to the offenses in open court. The plea has been accepted in open court by the prosecuting attorney. The plea is free and voluntary and the plea bargain is approved."

Defendant then waived preparation of a probation report and the court imposed the two-year prison term referenced in the agreement.

Following sentencing, defendant filed a third letter with the court on June 15, 2000. In it, defendant professed his innocence, claiming that he did not sexually assault the victim and that his crime should be reduced to a misdemeanor. The letter also asked to withdraw the guilty plea. On June 17, 2000, defendant signed a notice of appeal, which was filed by trial counsel on July 28, 2000, attacking the validity of the plea. A request for a certificate of probable cause was granted on July 28, 2000. Defendant's trial counsel withdrew on July 24, 2000, and special counsel was appointed for the motion to withdraw the plea. The hearing was set for August 14, 2000, but the motion was withdrawn because the trial court no longer had jurisdiction to hear the motion.

Defendant argued on appeal that the trial court failed to establish a sufficient factual basis for his guilty plea under section 1192.5. The Court of Appeal affirmed, agreeing that the court had a duty under section 1192.5 but that the duty was fulfilled by the court's inquiry. We granted defendant's petition for review on February 13, 2002, limiting the issue to be argued to "whether the trial court failed to establish a sufficient factual basis for defendant's plea, as required by Penal Code section 1192.5."

## II.  The Section 1192.5 Standard

Section 1192.5 provides that for a conditional plea of guilty or no contest, the trial court is required to "cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." While there is no federal constitutional requirement for this factual basis inquiry, the statutory mandate of section 1192.5 helps ensure that the "constitutional standards of voluntariness and intelligence are met."[2] (*People v. Hoffard, supra,* 10 Cal.4th at p. 1182, fn. 11.) We have not yet addressed what a trial court must do to comply with section 1192.5.

### A.  *Statutory Language and Legislative History*

We begin with the language of the statute as the most reliable indicator of legislative intent behind the passage of section 1192.5. (*Hunt v. Superior*

---

[2] An American Bar Association report published shortly before section 1192.5 was enacted cites to a number of advantages to a factual basis inquiry. (ABA Project on Min. Stds. for Crim. Justice, Standards Relating to Pleas of Guilty (Approved Draft 1968) com. on § 1.6, p. 33.) "[T]hese inquiries provide a more adequate record of the conviction process; this record minimizes the chances of a defendant successfully challenging his conviction later [citation], and also aids correctional agencies in the performance of their functions. Finally, increased knowledge about the circumstances of the defendant's offense provides the court with a better assessment of defendant's competency, his willingness to plead guilty, and his understanding of the charges against him." (*Ibid.*)

*Court* (1999) 21 Cal.4th 984, 1000 [90 Cal.Rptr.2d 236, 987 P.2d 705].) Again, the relevant portion of the statute states: "The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea." (§ 1192.5.) The plain language requires that some inquiry be made of defendant, and that the court must satisfy itself (1) that the plea is freely and voluntarily made and (2) that there is a factual basis for the plea. No additional language details what will be sufficient to satisfy the requirement of a factual basis for the plea, though the connection of clauses (1) and (2) implies that inquiring about the factual basis for the plea is closely related to the plea's being freely and voluntarily made.

Because the statutory language does not illuminate what is required to establish a factual basis for the plea, we next look to the legislative history behind the passage of section 1192.5.[3] Senate Bill No. 621 (1970 Reg. Sess.), as introduced on March 16, 1970, was designed to amend section 1192.3 and expand the availability of conditional pleas. (Legis. Counsel's Dig., Sen. Bill No. 621 (1970 Reg. Sess.), as introduced Mar. 16, 1970, pp. 1–2.) The original version of section 1192.5 would have "cause[d] an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, *and in the case of a guilty plea, that the defendant is pleading guilty because he is in fact guilty.*" (Sen. Bill No. 621 (1970 Reg. Sess.) as introduced Mar. 16, 1970, italics added.) The final italicized clause was amended in committee to the present language of section 1192.5 before passage of the bill and signature by the Governor on September 15, 1970. (Stats. 1970, ch. 1123, § 3, pp. 1992–1993.)

### B. *Court of Appeal Cases*

The seminal Court of Appeal case to consider the nature and scope of the inquiry required by section 1192.5 is *Watts, supra,* 67 Cal.App.3d 173. The defendant in *Watts* did not argue that no factual basis existed for his plea, but rather that he should be able to withdraw his plea because the trial court made no on-the-record inquiry as to the factual basis. (*Id.* at p. 178.) The sole reference to the factual basis came in a statement by Watts's attorney, who stated that he had advised Watts of the legal consequences of a guilty plea. (*Id.* at pp. 180–181.) The *Watts* court found this statement insufficient to meet the requirements of section 1192.5.[4] The court looked to federal case law to encourage trial courts to develop the factual basis on the record, either by

---

[3] Appellant requests us to take judicial notice of the legislative history of section 1192.5. Respondent does not object to its inclusion. We grant this request.

[4] Ultimately the court found the trial court's failure to make specific reference to a factual basis was error, but harmless in light of the factual record in the grand jury transcript and presentence report. (*Watts, supra,* 67 Cal.App.3d at p. 182.)

asking the defendant to describe his conduct, making specific reference to grand jury or preliminary hearing transcripts, or eliciting information from the defense attorney. (*Watts*, at pp. 179–180, citing 1 Wright, Federal Practice and Procedure (1969) Pleas, § 174 [procedures designed to ensure the defendant knows that his acts do constitute offense with which the defendant is charged]; *Santobello v. New York* (1971) 404 U.S. 257, 261 [30 L.Ed.2d 427, 92 S.Ct. 495], see also 1A Wright et al., Federal Practice and Procedure (3d ed. 1999) Pleas, § 174, pp. 197-198.) Notably, *Watts* did not require the trial court to question the defendant personally about each element in the charged offense, nor did it require the trial court to believe that the defendant is guilty. (*Watts*, at p. 180; see also *People v. West* (1970) 3 Cal.3d 595, 608 [91 Cal.Rptr. 385, 477 P.2d 409].) Statements and admissions made by defense counsel or the district attorney were also adequate to establish the factual basis for the plea. (*Watts, supra,* 67 Cal.App.3d at p. 180, quoting *Williams v. State* (Fla. 1975) 316 So.2d 267, 273 ["We hold that the court may satisfy itself by statements and admissions made by the defendant, his counsel, and the prosecutor . . . ."].)

The subsequent cases by our Courts of Appeal coalesce around the set of legal principles described in *Watts*. The trial court may cause a factual basis inquiry to be made of the defendant by directly questioning the defendant, or by garnering statements and admissions by his counsel.[5] (*Wilkerson, supra,* 6 Cal.App.4th at p. 1576.) When both parties stipulate on the record to a document, such as a police report, the factual basis requirement is met. (*People v. Enright* (1982) 132 Cal.App.3d 631, 634–635 [183 Cal.Rptr. 249]; *Watts, supra,* 67 Cal.App.3d at p. 182.) A summary recitation that " '[t]here's a factual basis,' " however, absent any other attempt by the trial court to develop a factual basis, is not adequate under the *Watts* standard. (*Tigner, supra,* 133 Cal.App.3d at p. 435.) A reference to a complaint containing a factual basis for each essential element of the crime will be sufficient under section 1192.5 to establish the factual basis for the plea.[6] (See, e.g., *United*

---

[5] The statute requires that the "inquiry to be made of defendant" (§ 1192.5), but we conclude that stipulation by counsel to the plea's factual basis is consistent with the legislative purpose of the statute. While defendant may not be in a position to recognize whether his acts do or do not " 'constitute the offense with which he is charged' " (*Tigner, supra,* 133 Cal.App.3d at p. 433), defense counsel is well suited to make such a determination. Nearly all California authority takes a similar stance. (See *Watts, supra,* 67 Cal.App.3d at p. 180 ["It should be emphasized that the California Penal Code does not require the trial court to interrogate a defendant personally . . . . It is also clear that the court need not obtain general information about the crime directly from the defendant in order to establish the factual basis for the plea"]; *Wilkerson, supra,* 6 Cal.App.4th at p. 1576 ["The trial court should ask the accused to describe the conduct that gave rise to the charge . . . *or* elicit information from either counsel" (italics added)].)

[6] We do not decide whether reference to a criminal complaint will be sufficient in a complex case. We note that some federal cases have decided otherwise in related contexts. (See *United States v. Van Buren* (6th Cir. 1986) 804 F.2d 888, 892 [holding that reading of indictment and

*States v. Corporan-Cuevas* (1st Cir. 2001) 244 F.3d 199, 203 [" 'The method by which the defendant's understanding of the nature of the charge is determined may vary from case to case, depending on the complexity of the circumstances and the particular defendant. In some cases, a judge may do this by reading the indictment . . . .' "]; *Montoya-Camacho, supra*, 644 F.2d at p. 486 ["The indictment may be used for this purpose if it is factually precise and sufficiently specific to show 'the accused's conduct on the occasion involved was within the ambit of that defined as criminal.' "].) While the trial court is not required to develop the factual basis on the record by asking the defendant to enumerate his proscribed actions, it must otherwise ensure that some reference on the record to other factual sources is present.[7] (*Tigner*, 133 Cal.App.3d at pp. 434–435.)

The factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges.[8] (*People v. Calderon* (1991) 232 Cal.App.3d 930, 935 [283 Cal.Rptr. 833] (*Calderon*).) It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime (*ibid.*), nor does the trial court have to be convinced of defendant's guilt. (*People v. West, supra*, 3 Cal.3d at pp. 612–613; *In re Alvernaz* (1992) 2 Cal.4th 924, 940, fn. 9 [8 Cal.Rptr.2d 713, 830 P.2d 747] [so long as the trial court ascertains a factual basis for the plea, it may enter a plea of guilty or no contest despite the defendant's claim of innocence.].) The colloquy that took place in *People v. Ivester* (1991) 235 Cal.App.3d 328, 338–339 [286 Cal.Rptr. 540], which the court upheld as a

---

defendant's admission of guilt is not sufficient factual basis determination in complex conspiracy case.]; *United States v. Dayton* (1979) 604 F.2d 931, 938 ["In the case of charges of extreme complexity, an explanation of the elements of the offense like that given the jury in its instructions may be required . . . ."].)

[7] We also approve of, though do not require in California, the practice in other courts of including a detailed and signed factual basis account as an attachment to the plea agreement. (*United States v. Spruill* (5th Cir. 2002) 292 F.3d 207, 211; *United States v. Deluca* (4th Cir. 1999) 1999 U.S. App. LEXIS 34313, [2001 WL 1291, p. *2]; *State v. Harper* (1993) 177 Ariz. 444 [868 P.2d 1027, 1028, fn. 1]; *State v. Thompson* (1986) 150 Ariz. 554 [724 P.2d 1223, 1227].) Questioning of the defendant by the trial court regarding such attachment to the plea agreement generally will be sufficient to meet the section 1192.5 standard.

[8] A closer question is raised when counsel stipulates to a factual basis for the plea under section 1192.5, absent reference to a particular document that provides an adequate factual basis. (*People v. McGuire* (1991) 1 Cal.App.4th 281, 286 [1 Cal.Rptr.2d 846 (dis. opn. of Poché, J.) ["Such a stipulation reveals no more of a factual basis supporting the plea than the plea itself."].) While we have no occasion to decide whether *McGuire* is correct, we agree with the court in *Wilkerson, supra*, 6 Cal.App.4th at page 1577, that the better approach under section 1192.5 is for a stipulation by counsel to a factual basis to be accompanied by reference to a police report (*Wilkerson*, at p. 1577 ["So stipulated, your Honor, based on the police reports included in the complaint."]), reference to the probation report or preliminary hearing transcript (*People v. Gonzalez* (1993) 13 Cal.App.4th 707, 714–715 [16 Cal.Rptr.2d 635]), or reference to grand jury testimony (*People v. Mickens* (1995) 38 Cal.App.4th 1557, 1563–1565 [45 Cal.Rptr.2d 633] (*Mickens*)).

sufficient factual basis for the plea, is illustrative of this point. The trial judge engaged the defendant and his codefendant wife in a factual inquiry, beginning with, "what did you do that makes you think you are guilty of these offenses?" (*Id.* at p. 338.) While defendant Ivester's responses to the factual inquiry left some ambiguity as to the mental state for the charged offense, Ivester's statement that " 'I had a methamphetamine lab going in the residence' " was held a sufficient factual basis under section 1192.5 for the plea. (*Ivester*, at p. 338, italics omitted.)

### C. *The Proper Section 1192.5 Standard*

In sum, we conclude that the trial court must garner information regarding the factual basis either from the defendant or defense counsel. If the trial court examines the defendant regarding the factual basis for the plea, the court may have the defendant describe the conduct that gave rise to the charge (*Watts, supra,* 67 Cal.App.3d at p. 179), or may question the defendant regarding the detailed factual basis described in the complaint or written plea agreement. (*Montoya-Camacho, supra,* 644 F.2d at p. 487.) If the trial court inquires of defense counsel regarding the factual basis, counsel may stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement. (*Wilkerson, supra,* 6 Cal.App.4th at pp. 1576–1579.)

### III. Standard of Review

Next we consider the standard of review to be applied to a determination of an adequate factual basis for a plea. We traditionally review findings of fact under a deferential standard of substantial evidence, and findings of law under a de novo standard. (*People v. Cromer* (2001) 24 Cal.4th 889, 893–894 [103 Cal.Rptr.2d 23, 15 P.3d 243].) Mixed questions of law and fact, such as whether a given factual basis for the plea is adequate under section 1192.5, may be subject to deferential or de novo review. (*Cromer,* at p. 894.) However, where the " 'trial court makes an individual-specific decision,' " such as for juror bias or competency to stand trial, then a reviewing court will be more inclined to utilize abuse of discretion review. (*Id.* at p. 895.)

Likewise, under federal law, the abuse of discretion standard is applied to determine whether a sufficient factual basis exists for a guilty plea. (*United States v. Mitchell* (4th Cir. 1997) 104 F.3d 649, 652; *Higgason v. Clark* (7th Cir. 1993) 984 F.2d 203, 208; *United States v. Bernaugh* (10th Cir. 1992) 969 F.2d 858, 865; *United States v. Lopez* (11th Cir. 1990) 907 F.2d 1096, 1100.) Moreover, this court has held that the related claim of an erroneous denial of

a motion to withdraw a plea is reviewed for abuse of discretion. (*In re Brown* (1973) 9 Cal.3d 679, 684 [108 Cal.Rptr. 801, 511 P.2d 1153].)

■ We conclude that, consistent with the standards noted above, a trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea. The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion. (*Watts*, *supra*, 67 Cal.App.3d at p. 180.) A finding of error under this standard will qualify as harmless where the contents of the record support a finding of a factual basis for the conditional plea. (*Mickens*, *supra*, 38 Cal.App.4th at p. 1564; *Watts*, *supra*, 67 Cal.App.3d at p. 182.)

## IV. Application of This Standard

■ We now consider the application of this standard to the present case. The trial court asked defendant if he received a copy of the complaint, asked him if he did what was described in the complaint, and then concluded that a factual basis existed for the conditional plea. The trial court did not conduct an extensive inquiry with defendant to develop the factual basis on the record, nor did it request that defense counsel stipulate to a particular document that provides an adequate factual basis. However, count 1 of the complaint to which the trial court referred contained the charged offense, the names of defendant and the victim, the date and location of the charged offense, and a brief description of the factual basis for the charged offense. Such a complaint provides a sufficiently precise factual account of the charged offense of assault with intent to commit rape. In short, the trial court's questioning of defendant about the factual basis in the complaint was adequate to establish that defendant was cognizant that his acts did constitute the offense with which he was charged, notwithstanding defendant's letters to the court contesting his guilt. (*United States v. Barker* (1975) 168 U.S. App. D.C. 312 [514 F.2d 208, 222].) This is sufficient under the section 1192.5 standard. (*Watts*, *supra*, 67 Cal.App.3d at p. 178; *Wilkerson*, *supra*, 6 Cal.App.4th at p. 1577; *Calderon*, *supra,* 232 Cal.App.3d at p. 935.)[9] Thus, the trial court did not err.

## V. Conclusion

We conclude that section 1192.5 requires a trial court to garner information regarding the factual basis either from the defendant or defense counsel. If the

---

[9] We compare the defendant's statement in *Calderon* that he intentionally tried to kill someone with defendant's admission here that he did "what it says [he] did in" the complaint. Both establish a prima facia factual basis for the charges. (*Calderon, supra,* 232 Cal.App.3d at p. 935.)

trial court inquires of the defendant regarding the factual basis, the court may develop the factual basis for the plea on the record through its own examination by having the defendant describe the conduct that gave rise to the charge, or question the defendant regarding the detailed factual basis described in the complaint or written plea agreement. If the trial court inquires of defense counsel regarding the factual basis, it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript, or written plea agreement.

On this basis, we affirm the judgment of the Court of Appeal.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Chin, J., and Brown, J., concurred.