Filed 6/10/13  P. v. Robles CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>LUIS ANTONIO ROBLES<br><br>　　　　Defendants and Appellants. | A137364<br><br>(San Mateo County Super. Ct.<br> No. SC074081A) |

Luis Antonio Robles appeals from a final judgment of conviction, based upon a plea of no contest, for the following violations against a minor under the age of 14 years: sodomy by means of force (Pen. Code, § 286, subd. (c)(2))[1]; sexual intercourse by means of force (§ 261, subd. (a)(2)); two counts of oral copulation by means of force (§ 288a, subd. (c)(2)); and residing with or having recurring access to a child under the age of 14 years, and engaging in acts of substantial sexual conduct or acts of lewd or lascivious conduct.  (§ 288.5, subd. (a)).  Appellant's counsel raises no issues, and requests an independent review of the record under *People v. Wende* (1979) 25 Ca1.3d 436.  Appellant was advised by counsel of his right to file a supplemental brief but he has not done so.  Based on our review of the record, we find no arguable issues and affirm the judgment.

---

[1] All further unspecified code sections refer to the Penal Code.

# BACKGROUND

## *Officer Holowaty's Report*

Deputy Probation Officer Janelle K. Holowaty prepared a report detailing the underlying offenses alleged to have been committed by appellant.

Jane Doe, the victim in this matter, is the 14-year-old daughter of appellant. Doe revealed to a friend that she was raped by her father. Her friend relayed this information to a counselor who notified Child Protective Services. Doe's mother told police that she and appellant were legally separated and lived at separate residences, but appellant still visited their two children at her home. The police interviewed Doe, and she revealed that inappropriate sexual behavior occurred for two years when she was in the sixth and seventh grade.

Doe stated that in the summer of 2010, appellant was supposed to drive her somewhere, but he took her home instead. When they arrived at home, Doe went into her bedroom and appellant followed her. She sat on her bed, and appellant forced her to take off her clothes. Appellant then took out his erect penis and inserted it into her vagina. When she resisted and told appellant she was afraid of becoming pregnant, appellant inserted his erect penis into her anus. She stated it hurt "really bad" and told appellant to stop. Appellant responded by asking what she preferred and then told her to "suck his penis." Doe stated she complied because she was scared and that she was crying and shaking during the incident.

Doe recalled another incident that took place in her bedroom where appellant attempted to insert his penis into her anus. During that incident, appellant covered her mouth with his hand as she laid on her stomach on the ground. Doe disclosed a similar incident where she was in the bathroom and appellant came in and forced her onto the ground. Appellant then laid on top of her and covered her mouth with his hand.
Doe also disclosed that appellant orally copulated her and that he forced her to orally copulate him. She stated appellant would follow her to the bathroom and commit these acts. She recalled appellant inserted his fingers into her vagina while he orally copulated her. Doe stated this hurt and appellant only stopped to avoid detection by her mother.

Doe further disclosed appellant forced her to massage his penis on a regular basis while her mother was taking baths or working late. She stated she would try to lock her

door, but that appellant would gain access. She also revealed appellant touched her breasts on multiple occasions and that he showed her pornographic videos.

Doe stated the sexual assaults ended when she was in the eighth grade after appellant started using a mask to help him breathe at night. She reported appellant would "feel bad" and apologize after the sexual assaults. Appellant would then take her out for yogurt, give her money, or buy her clothes.

### Appellant's Underlying Offense

The information filed by the San Mateo District Attorney charged appellant with the following violations: in count 1, sodomy by means of force (§ 286, subd. (c)(2)); in count 2, sexual intercourse by means of force (§ 261, subd. (a)(2)); in count 3, oral copulation by means of force (§ 288a, subd. (c)(2)); in count 4, dissuasion or attempted dissuasion of a victim from making a report to authorities of such victimization by means of force (§ 136.1, subd. (c)(1)); in count 5, attempted sodomy by means of force (§§ 664, 286, subd. (c)(2)); in counts 6 to 15, oral copulation by means of force (§ 288a, subd. (c)(2)); in count 16, digital penetration of the genital or anal openings of a minor under 14 years (§ 289, subd. (j)); in counts 17 to 20, commission of a lewd or lascivious act, digital penetration of the vagina of a minor under 14 years (§ 288, subd. (a)); in counts 21 to 25, commission of a lewd or lascivious act, touching the breasts of a minor under 14 years (§ 288, subd. (a)); and in count 26, residing with or having recurring access to a child under 14 years, and engaging in three or more acts of substantial sexual conduct (§ 1203.066, subd. (b)) or three or more acts of lewd or lascivious conduct (§ 288) (§ 288.5, subd. (a)).

All 26 counts were alleged to be serious felonies. (§ 1192.7, subd. (c)(3)-(6), (35), (37) & (39).) All these counts, except counts 4 and 5, were alleged to be violent felonies. (§ 667.5, subd. (c)(3)-(6).) Except for counts 4, 5, and 21-25, the counts carried ineligibility for probation and suspension of sentence. (§§ 1203.065, subd. (a), 1203.066, subd. (a)(8).)

### Appellant's Plea and Sentence

Appellant pled nolo contendere to counts 1, 2, 3, 7, and 26. He also admitted all of the enhancements to each of those counts. The remaining counts and allegations were

3

dismissed as part of the plea agreement, which also provided that the maximum penalty as a result of his change of plea would be 48 years. The court imposed consecutive middle terms of six years on counts 1, 2, 3, and 7, and a consecutive upper term of 16 years on count 26 for a total sentence of 40 years. The court imposed restitution fines of $240 under sections 1202.4, subdivision (b) and 1202.45. It also imposed a criminal conviction assessment of $120 and a court operations assessment of $160. Lastly, the court ordered $675 in restitution for the minor victim and $891 in restitution for her mother.

Appellant filed a timely notice of appeal.

## DISCUSSION

### *Appellant's Plea of No Contest*

This appeal is from a final judgment of conviction based upon an open plea of no contest. "In order to appeal after a conviction by plea of guilty or nolo contendere, a defendant must obtain a certificate of probable cause from the trial court." (§ 1237.5; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) Here, there is no evidence in the record that appellant obtained a certificate of probable cause. Therefore, no appeal shall be taken.

When taking a conditional plea of guilty or no contest, a trial court is required by section 1192.5 to " 'cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea.' " *(People v. Holmes* (2004) 32 Cal.4th 432, 435.) Here, appellant made an open plea of no contest based on an indicated maximum sentence.

The clerk's and reporters transcripts demonstrate that appellant made his plea and admissions freely and voluntarily. Appellant read, understood, and signed each of the written forms indicating his understanding of the rights he was waiving and he admitted each of the allegations in response to inquiry. Appellant had the opportunity to discuss both the nature of the charges and allegations and any possible defenses with his counsel. Appellant also understood the maximum penalty that could be imposed as a result of his pleas and admissions was 48 years in state prison. It was also stipulated that there was a factual basis for each of the pleas and admissions. Because the record shows the change

4

of plea was freely and voluntarily made, there is no issue with appellant's plea of no contest.

### *Appellant's Sentence*

" '[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve the legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " *(People v. Carmony* (2004) 33 Ca1.4th 367, 376-377.)

Appellant's counsel argued that the mandatory minimum sentence of 12 years was adequate to punish appellant for his crimes. However, the court imposed a total sentence of 40 years. Appellants counsel argued there were several mitigating factors in appellant's favor, including that: appellant suffered this type of abuse himself when he was five years old; he had voluntarily pled guilty and taken responsibility for his crimes; and appellant did not present a danger to the community because he was found to have a low risk of recidivism by a clinical psychologist. Appellant's counsel asked the court to consider leveling the punishment because of these mitigating factors and fix the sentence at the minimum of 12 years.

The court responded by pointing to the egregious nature of this case. The court stated appellant's conduct was "unbelievable" because the victim was his own biological daughter. The court stated the amount of damage appellant inflicted on his victim was incapable of being calculated. Particularly troubling to the court was when Doe expressed to appellant that she was afraid of getting pregnant, appellant stopped with the vaginal intercourse and sodomized her. The court highlighted the aggravating factors, which included: appellant was in a position of trust; the victim was particularly vulnerable; there was a significant level of sophistication to avoid the detection; appellant declined to participate in the probation interview; and appellant declined to provide police with a statement, making it impossible for the probation officer to assess any level of remorse. The record shows the court fully considered any mitigating or aggravating factors in its sentencing determination; and there is no issue with the court's imposition of a total sentence of 40 years.

## DISPOSITION

The record reveals no arguable issues that require further briefing.  The judgment is affirmed.

_____
Lambden, J.

We concur:

_____
Kline, P.J.

_____
Haerle, J.