KENNARD, J.,
J., Concurring and Dissenting.—Before accepting a defendant’s plea of guilty or no contest to a felony charge, a trial court must ascertain that there is a factual basis for the plea. (Pen. Code, § 1192.5.) That requirement, *120 defendant here asserts, was not met and therefore his conviction should be reversed and the case remanded to the trial court to decide whether a factual basis exists for the plea.
I concur in the majority’s holding that defendant’s claim is cognizable on appeal and not procedurally barred. I dissent, however, from the majority’s conclusion that a trial court can, as here, simply rely on a defense counsel’s assurance of a factual basis for the plea, even though counsel mentions no facts or documentary source from which a factual basis can be ascertained.
I
Under a plea bargain, defendant David Edward Palmer agreed to plead no contest to a charge of possession of MDMA (3,4-methylenedioxymeth-amphetamine) for sale (Health & Saf. Code, § 11378) in exchange for dismissal of a charge of possession of marijuana for sale (id., § 11359). Defendant gave up his rights to both a preliminary hearing and a probation report.
At the hearing on the plea, defendant, in response to the prosecutor’s questions, said he had discussed with his attorney the elements of the charged offenses and any defenses, he was satisfied with counsel’s advice, and he was entering into the plea knowingly and voluntarily. The prosecutor then asked defense counsel: “Do you stipulate, [counsel], there’s a factual basis for [the] plea as the People do?” Defense counsel answered, “Yes, I do stipulate.” The trial court accepted the plea and under the terms of the plea agreement granted three years’ probation with a jail term of 270 days.
II
Before accepting a defendant’s plea of guilty or no contest to a felony charge, statutory law requires the trial court “to satisfy itself’ that “there is a factual basis for the plea,” and that the plea is freely and voluntarily made. (Pen. Code, § 1192.5.) At issue here is the factual basis requirement.[1]
As the American Bar Association (ABA) observed nearly 50 years ago, the factual basis inquiry advances certain purposes: “First and foremost, inquiry ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead. Secondly, investigation into the *121 factual basis of guilty pleas acts to increase the visibility of charge reduction practices, a common form of plea agreement. In addition, these inquiries provide a more adequate record of the conviction process; this record minimizes the chances of a defendant successfully challenging his conviction later, e.g., see McGrady v. Cunningham, 296 F.2d 600 (4th Cir. 1961), and also aids correctional agencies in the performance of their functions. Finally, increased knowledge about the circumstances of the defendant’s offense provides the court with a better assessment of defendant’s competency, his willingness to plead guilty, and his understanding of the charges against him.” (ABA Project on Min. Stds. for Grim. Justice, Standards Relating to Pleas of Guilty (Approved Draft 1968) com. on § 1.6, pp. 32-33; see People v. Holmes (2004) 32 Cal.4th 432, 438, fn. 2 [9 Cal.Rptr.3d 678, 84 P.3d 366] [quoting ABA comment].)
More recently, in People v. Hoffard (1995) 10 Cal.4th 1170 [43 Cal.Rptr.2d 827, 899 P.2d 896], this court observed: “One of the primary reasons an innocent defendant might plead guilty is ‘the disparity in punishment between conviction by plea and conviction at trial.’ (Barkai, Accuracy Inquiries for All Felony and Misdemeanor Pleas: Volunteer Pleas But Innocent Defendants? (1977) 126 U. Pa. L.Rev. 88, 97 ... ) Such a disparity is particularly likely to be a motivating factor for a plea when the charges expose the defendant to a potentially lengthy term or other severe punishment, and the prosecution offers substantially reduced punishment in exchange for a plea of guilty or no contest. The Legislature could rationally have believed this situation—a negotiated plea—creates an especially high risk the defendant will plead to a crime he or she did not commit and for which no factual basis can be established. Section 1192.5, third paragraph [(factual basis inquiry)], is designed to protect against that result.” (People v. Hoffard, supra, at p. 1182.) Hojfard pointed to an additional reason: “making a record against possible appellate or collateral attacks.” (Id. at p. 1183.)
Not one of these important purposes was advanced in this case, in which no factual basis inquiry was undertaken by the trial court. Neither the prosecution’s question to defense counsel (“Do you stipulate, [counsel], there’s a factual basis for [the] plea as the People do?”) nor defense counsel’s answer (“Yes, I do stipulate”) established any facts concerning the felony to which defendant pled no contest. The majority itself acknowledges that this case “is devoid of any facts concerning the offense.” (Maj. opn., ante, at p. 115.)
For the majority, it is sufficient that the prosecutor and defense counsel stipulated that a factual basis existed for the plea. For me, such a stipulation is insufficient because, as I have explained, it does nothing to achieve the purposes underlying the factual basis requirement.
*122 The majority unquestioningly accepts the Attorney General’s argument that “a stipulation to a factual basis for a plea is akin to an evidentiary stipulation . . . ,” which is within counsel’s broad authority to enter into. (Maj. opn., ante, at p. 117.) I reject that argument. A stipulation to the factual basis for a plea of guilty or no contest, without revealing any facts regarding the circumstances of the alleged offense or the accused’s participation in that offense, operates essentially as a waiver of the factual basis requirement. In a criminal case, a plea of guilty is the most serious step the accused can take because it “strips the defendant of such fundamental protections as the privilege against self-incrimination, the right to a jury, and the right of confrontation.” (People v. Chadd (1981) 28 Cal.3d 739, 748 [170 Cal.Rptr. 798, 621 P.2d 837]; see People v. Hoffard, supra, 10 Cal.4th at pp. 1177-1178.) Because a plea of guilty or no contest has these grave consequences, a defendant must enter the plea personally and not through counsel. (Pen. Code, § 1018; People v. Chadd, supra, at p. 749.) I conclude likewise that counsel may not waive the factual basis requirement, which protects not only the defendant’s fundamental rights but the very integrity of the criminal justice system.
I would reverse the judgment of the Court of Appeal, with directions to remand this matter to the trial court to decide whether a factual basis exists for defendant’s plea of no contest.

 Although there may be some overlap between these two statutory requirements in that the factual basis determination may help ensure that the plea was free and voluntary, the two requirements are largely independent of each other. A factual basis finding does not necessarily establish the free and voluntary nature of the plea, nor does a determination that a plea is free and voluntary necessarily establish a factual basis for the plea.