Filed 12/13/21  P. v. Falcon CA2/8
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ROBERT FALCON,<br><br>    Defendant and Appellant. | B296392<br><br>(Los Angeles County<br>Super. Ct. No. MA046170) |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Reversed and remanded with instructions.

Carlo Andreani, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

This is a remand from the California Supreme Court. On November 9, 2020, we affirmed the denial of appellant's petition for resentencing brought pursuant to Penal Code section 1170.95.[1] On December 10, 2020, appellant filed a petition for review. On September 22, 2021, the Supreme Court transferred the matter to us with directions to vacate our decision and reconsider the cause in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). (Cal. Rules of Court, rule 8.528(d).) We invited the parties to file supplemental briefs, which we have reviewed. We have reconsidered our opinion and now vacate our decision, reverse the trial court, and remand the matter with directions to proceed under section 1170.95, subdivision (c).

## FACTUAL AND PROCEDURAL BACKGROUND

A.    The Plea

On April 4, 2011, appellant Christopher Falcon entered a plea of no contest to second degree murder in violation of section 187, subdivision (a). The first paragraph of count 1 of the information to which appellant entered his plea states: "On or about July 2, 2009, in the County of Los Angeles, the crime of MURDER, in violation of PENAL CODE SECTION 187(a), a Felony, was committed by ANTHONY MANCERA and CHRISTOPHER ROBERT FALCON, who did unlawfully, and with malice aforethought murder SERGIO SANTIAGO, a human being." The information contains a firearm enhancement alleging that Mancera personally discharged a firearm resulting in death. Appellant was eventually sentenced to 15 years to life imprisonment.

---

[1]    Undesignated statutory references are to the Penal Code.

At the plea, appellant stipulated "to a factual basis pursuant to *People* [*v.*] *Holmes* based upon count one, paragraph one, of the charging information for the purpose of entering this plea only." *People v. Holmes* provides: "If the trial court inquires of defense counsel regarding the factual basis [for a plea], it should request that defense counsel stipulate to a particular document that provides an adequate factual basis, such as a complaint, police report, preliminary hearing transcript, probation report, grand jury transcript or written plea agreement." (*People v. Holmes* (2004) 32 Cal. 4th 432, 436.)

B.     The Petition for Resentencing

In 2018, the Legislature passed Senate Bill No. 1437 to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 amended section 188 to require that a principal "shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill No. 1437 also added section 1170.95, which sets forth the procedure by which a "person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).) Pursuant to section 1170.95, an offender must file a petition (along with a declaration) in the sentencing court averring that:

3

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subds. (a)(1)–(3); see also § 1170.95, subd. (b)(1)(A).)

Once a complete petition is filed, the court is authorized to appoint counsel for the petitioner upon request. The court determines whether "the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).) In making this assessment, the trial court "should accept the assertions in the petition as true unless facts in the record conclusively refute them as a matter of law." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 968 (*Drayton*).) The court's authority to summarily deny a petition is thus limited to "readily ascertainable facts" taken from the record of conviction, rather than factfinding involving the weighing of evidence or the exercise of discretion. (*Id.* at p. 980.)

After the court issues an order to show cause, an evidentiary hearing is held to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) At the hearing, "the burden of proof shall be on the prosecution to

4

prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges. The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

On January 7, 2019, appellant filed a petition for resentencing pursuant to section 1170.95. In his petition, appellant requested counsel and alleged he qualifies for resentencing under section 1170.95 because, among other things, he pled no contest "to 1st or 2nd degree murder in lieu of going to trial because I believed I could have been convicted of 1st or 2nd degree murder at trial pursuant to the felony murder rule or the natural and probable consequences doctrine."

C.     The Trial Court's Denial of the Petition

On January 21, 2019, the trial court denied the petition without appointing counsel on appellant's behalf. The court also took judicial notice of the trial and appellate court records which it stated showed appellant had entered a plea to second degree murder as an aider and abettor to the actual shooter, co-defendant Anthony Mancera. The evidence at Mancera's trial was that Mancera shot the victim at close range, egged on by appellant Falcon. At trial, the People never pursued, nor was the jury instructed on, either a felony-murder theory or a natural and probable consequence theory of murder. The trial court concluded appellant had failed to make a prima facie case for relief.

5

D.     Our Initial Decision Affirming the Trial Court

We affirmed the denial of the petition. (*People v. Falcon* (Nov. 9, 2020, B296392) [nonpub. opn.)  We took judicial notice of the joint preliminary hearing transcript and on that basis found that appellant had been prosecuted as an aider and abettor, not under a natural and probable consequences or felony-murder theory of liability.  We found the trial court erred in relying on the evidence presented at Mancera's solo trial, but found the error harmless in light of appellant's record of conviction, which included the transcript of the joint preliminary hearing where the People presented evidence "virtually identical" to the evidence at Mancera's trial.

## DISCUSSION

A.     Appointment of Counsel

In *People v. Lewis*, our Supreme Court held that the right to appointed counsel under section 1170.95 arises upon the filing of a facially sufficient petition.  It is only after the trial court appoints counsel and gives the parties an opportunity for briefing that it may consider the record of conviction to determine whether petitioner has made a prima facie showing of entitlement to relief.  (*Lewis*, *supra*, 11 Cal.5th at p. 972.)  *Lewis* succinctly described the process: "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Id.* at p. 966.)

Appellant contends, the People agree, and we find appellant filed a facially sufficient petition and the trial court therefore erred in failing to appoint counsel.  The next question, then, is whether the trial court's error is harmless.  As discussed below, we find a reasonable probability that if counsel had been

6

appointed, appellant would have been able to make a prima facie showing. Thus, we find the error not harmless.

B.    Harmless Error

Under *Lewis*, failure to appoint counsel is a state law error subject to the harmless error standard set forth in *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis, supra*, 11 Cal.5th at pp. 973–974.) In this regard, it is appellant's burden to demonstrate there is a reasonable probability that in the absence of the error he would have obtained a more favorable result. As the *Lewis* Court explained, "More specifically, a petitioner 'whose petition is denied before an order to show causes issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis,* at p. 974.) Put differently, appellant has the burden of showing it is reasonably probable that if counsel had been appointed, he would have been able to make a prima facie showing that he " 'could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' (§ 1170.95, subds. (a)(1)–(3).)" (*Lewis,* at p. 960.)

As we have discussed, the trial court relied on the preliminary hearing transcript to find that appellant was prosecuted under an aiding and abetting theory of liability, rendering his no contest plea subject to that theory. We affirmed this finding. As the California Supreme Court has now made clear, "[w]hile the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section 1170.95 relief, the prima facie inquiry under subdivision (c) is limited." (*Lewis,*

7

*supra*, 11 Cal.5th at p. 971.) " '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*Ibid.*) Similarly, "[i]n reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Id.* at p. 972.) As the court in *Drayton* explained, any authority to make determinations without conducting an evidentiary hearing "is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Drayton*, *supra*, 47 Cal.App.5th at p. 980.) Thus, the court in *Drayton* found that the trial court erred in relying on facts in the preliminary hearing transcript to find that Drayton " 'acted with reckless indifference to human life,' which the court characterized as 'blatantly apparent by his conduct, being armed and his participation in this event, as well as the conduct of his co-conspirators, the other individuals.' " (*Id.* at p. 982.)

The court in *People v. Cooper* (2020) 54 Cal.App.5th 106 (*Cooper*), review granted November 10, 2020, S264684, agreed with *Drayton* on the limited permissible use of a preliminary hearing transcript, particularly when a defendant pleads no contest to murder without establishing the particular factual basis of the plea. *Cooper* explained that at the preliminary hearing, the magistrate is called upon only to determine whether the factual showing is sufficient to establish probable cause to believe the defendant committed a felony, a fundamentally different factual determination than the trial determination of

8

guilt beyond a reasonable doubt. (*Id.* at p.123.) Appellant Cooper had neither stipulated nor admitted to the facts established at the preliminary hearing as the basis for his plea. The court therefore found that the trial court's prima facie determination had been corrupted by the trial court's "impermissible factfinding" based on the preliminary hearing transcript. (*Id.* at pp. 112, 124; see *Lewis, supra*, 11 Cal.5th at p. 974; *People v. Davenport* (2021) 71 Cal.App.5th 476, 482.)

Here, like in *Drayton* and *Cooper*, neither the court nor the parties established the particular factual basis for the plea. Appellant's trial counsel referred to *People v. Holmes* and then cited count 1 of the information as the basis for the plea. But the allegation that murder was committed willfully, unlawfully, and with malice aforethought is a well-recognized way of charging murder in a generic sense. (*People v. Rivera* (2021) 62 Cal.App.5th 217, 233, review granted June 9, 2021, S268405.) The generic manner for charging murder does not limit the People to prosecuting appellant on a particular theory. Neither felony murder nor murder under the natural and probable consequences doctrine needs to be separately pleaded. (*Ibid.*, quoting *People v. Nakahara* (2003) 30 Cal.4th 705, 712.) Here, then, a specific factual basis for the plea was absent.

Like the trial courts in *Drayton* and *Cooper*, the trial court in this case relied on facts in the preliminary hearing transcript to find that appellant had failed to make a prima facie showing that he could not be convicted of murder after the 2019 changes in the law to sections 188 and 189. The court found the facts showed appellant directly aided and abetted the murder. At best, the evidence of appellant's knowledge and intent was circumstantial and incomplete; it may well have been contested.

9

The trial court necessarily weighed that evidence and improperly drew inferences therefrom.

Without the preliminary hearing transcript (or the evidence admitted at co-defendant Mancera's trial which was not part of appellant's record of conviction), we conclude there is a reasonable probability the trial court would have found appellant established a prima facie case and would have granted an evidentiary hearing, had counsel been appointed. The trial court's failure to appoint counsel was not harmless. We reverse the trial court's order denying appellant's petition, and remand with instructions to the trial court to appoint counsel and hold further proceedings as set out in subdivision (c) and, if appropriate, subdivision (d) of section 1170.95.

## DISPOSITION

The order denying the petition is reversed; we remand the matter to trial court to hold further proceedings in accordance with section 1170.95.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.

10