Filed 9/29/22  P. v. Bender CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC RANDALL BENDER,<br><br>    Defendant and Appellant. | A164822<br><br>Contra Costa County<br>Super. Ct. Nos. 2-329806-4, 2-335186-3, 2-335352-1 |

Defendant Eric Randall Bender was charged with numerous felonies and misdemeanors in three cases filed between April 2019 and November 2021.  The charges included criminal threats (Pen. Code, § 422), arson (Pen. Code, § 451, subd. (d)), and battery on a spouse or cohabitant (Pen. Code, § 243, subd. (e)).[1]  After declaring a doubt as to defendant's competency and evaluating the reports of two doctors, the trial court found defendant incompetent to stand trial (IST) and ultimately ordered defendant committed to the Department of State Hospitals (DSH) for a maximum period of confinement of two years.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant's counsel filed a brief raising no arguable issues but asking this court to conduct an independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel acknowledges, however, that our colleagues in Division Three recently held that *Wende* procedures are inapplicable to appeals from orders finding defendants incompetent pursuant to sections 1368 and 1370. (*People v. Blanchard* (2020) 43 Cal.App.5th 1020, 1025–1026 (*Blanchard*).) Counsel informed defendant of his right to file a supplemental brief, but defendant has not done so. Consistent with *Blanchard* and *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*), we shall dismiss the appeal.

## BACKGROUND

Defendant was charged in three criminal cases filed between April 23, 2019, and November 12, 2021. On November 30, 2021, the court declared a doubt as to defendant's competency in each of the three cases. It subsequently suspended all criminal proceedings and appointed doctors to evaluate defendant pursuant to section 1369, subdivision (a).

On January 20, 2022, Dr. Stephanie Williams submitted a report finding that defendant suffered from a delusional disorder and lacked the ability to participate in his own defense in a rational manner. Her report detailed defendant's delusions of grandiosity as well as his history of presenting to hospital emergency departments complaining of having a tapeworm inside his body and spiders in his anus. Dr. Williams further opined that defendant could not disclose pertinent facts to his attorney or testify relevantly in court.

On January 26, 2022, the prosecutor and defendant's counsel submitted the issue of defendant's competence to the court. Relying heavily on the report of Dr. Williams, the trial court found defendant IST and referred him to a local conditional release program (CONREP) for a report and recommendation as to placement. Pursuant to the CONREP placement recommendation report submitted on February 23, 2022, the court ordered defendant committed to the Department of State Hospitals (DSH), pursuant to sections 1370 et seq., for a maximum period of two years.

Counsel filed an opening brief setting forth the relevant law and facts but raising no specific issues. Counsel acknowledges that *Blanchard, supra,* 43 Cal.App.5th at pp. 1025–1026, held that independent *Wende* review is not required for challenges to orders suspending criminal proceedings and finding defendants IST. *Blanchard* reaches the same conclusion as other courts that have held that *Wende* review is not required in appeals that are not from a defendant's first appeal of a criminal conviction. (*In re Sade C.* (1996) 13 Cal.4th 952, 959 [no right to *Wende* review in appeals from orders in juvenile dependency proceedings affecting parental rights]; *People v. Martinez* (2016) 246 Cal.App.4th 1226, 1230, 1236–1240 [no due process right to independent review in an appeal from an extension of an NGI's civil commitment]; *People v. Taylor* (2008) 160 Cal.App.4th 304, 308 [order declaring a convicted person a mentally disordered offender not subject to *Wende* review].) Counsel has notified defendant of his ability to file a

supplemental brief, and defendant has not done so.  Following *Blanchard,* we shall dismiss the appeal.

We note that we would find no arguable issues and affirm even if we were to conduct an independent review of the record. The testimony of Dr. Williams provides ample support for the court's finding of incompetency.  (*People v. Holmes* (2004) 32 Cal.4th 432, 442 [abuse of discretion review where court makes an individual-specific decision, such as for competency to stand trial].)

### DISPOSITION

The appeal is dismissed.

BROWN, J.

WE CONCUR:

STREETER, ACTING P. J.
GOLDMAN, J.

*People v. Bender* (A164822)