Filed 3/9/26  P. v. Bolduc CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C101858 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2401789) |
| v. | |
| JOSEPH WAYNE BOLDUC, | |
| Defendant and Appellant. | |

Defendant Joseph Wayne Bolduc appeals his conviction for making criminal threats.  (Pen. Code, § 422.)[1]  He contends the trial court erred in accepting his plea because the factual basis was inadequate under section 1192.5, subdivision (c), which requires that the trial court make an inquiry to ensure there is a factual basis for the plea. We conclude the factual basis is sufficient and will affirm the judgment.

BACKGROUND

Defendant and the victim were involved in an ongoing dispute.  After the victim's most recent actions in the dispute, defendant wanted to kill the victim.  He barged into the

---

[1]  Undesignated statutory references are to the Penal Code.

1

home of L.M., a third party, and said, "Are you going to give me a gun or do I have to do this by hand?"  Defendant appeared to be in an altered state.  He "looked like Satan," his face was red, his fists and jaw clenched, and he spoke loudly and aggressively.  L.M. suspected defendant had been using drugs.  L.M. told defendant she did not have any guns.  Defendant replied, "I guess I'll have to do it by hand then."  Before he left L.M.'s home, defendant stated he intended to find a gun and if he could not, he would go to the victim's house and "kill her with just his hands."  Responding to a 911 call, law enforcement officers went to both L.M.'s and the victim's homes.  The next day law enforcement officers arrested defendant and told the victim that defendant was in custody.  The victim requested an emergency protective order.  The victim also told the probation officer she was very fearful for her life and the safety of her children and she was requesting a no-contact criminal protective order.

A complaint charged defendant with making criminal threats (§ 422) against the victim.  The complaint included the name of the victim, the date of the offense, and the specific elements of the offense, including that the threat was "so unequivocal, unconditional, immediate and specific as to convey to [the victim] a gravity of purpose and an immediate prospect of execution."  Defendant agreed to plead no contest to making criminal threats in exchange for a middle term cap of two years in prison.

In the plea colloquy, defendant acknowledged he initialed the plea form indicating that he had a full opportunity to discuss the facts of the case with his attorney and the elements of the charged offense, as well as any defenses he might have.  The plea form also indicated the required factual basis for the plea could be found in a police report.  That police report is summarized in the pretrial release report.  The trial court asked defense counsel if the pretrial release report contained a factual basis for the plea.  Defense counsel stipulated that the facts "the Court is going to receive from the pretrial release report, if proven at court, could serve for the basis for the jury finding him to be guilty beyond a reasonable doubt."  The court also asked defendant if there was a factual

2

basis for the plea in the pretrial release report and defendant agreed there was. Before taking the plea, the court read the specific charge to defendant, including the allegation that the threat was conveyed to the victim. After being advised of, and waiving his rights, defendant pled no contest to the charged offense. The court found defendant's waiver of his rights was knowing and intelligent and entered the plea.

At sentencing, in arguing for probation, defense counsel indicated this was not a "typical" criminal threats offense, in that defendant did not make a direct threat to the victim. Rather, he made statements to L.M. and L.M. called the victim and relayed the statements. The People acknowledged the threat was communicated to the victim by L.M.

The trial court denied defendant's request for probation, finding it was not an unusual case. The court sentenced defendant to the middle term of two years with 77 days of presentence custody credit. The court also imposed a $300 restitution fine (§ 1202.4), imposed and stayed an identical parole revocation fine (§ 1202.45), and imposed a $40 court security fee (§ 1465.8) and a $30 conviction assessment (Gov. Code, § 70373).

Defendant filed a timely notice of appeal and obtained a certificate of probable cause.

DISCUSSION

Defendant contends the trial court erred in accepting his plea because there was an inadequate factual basis under section 1192.5. He claims the pretrial release report did not provide an adequate factual basis, as there was no evidence that the threat was ever conveyed to the victim. The People argue there is a sufficient factual basis, as it is not necessary for the factual basis to contain evidence of each element of the charged offense, rather, it must provide a prima facie factual basis for the charges. The People do not directly challenge the cognizability of defendant's claim on appeal, but claim defendant is raising "an after-the-fact challenge to the sufficiency of the evidence supporting his

criminal threats conviction." We construe defendant's claim as a challenge to the legality of the proceedings resulting in the plea, and as such, we conclude the claim is cognizable on appeal. (*People v. Marlin* (2004) 124 Cal.App.4th 559, 571.)

"Section 1192.5 requires the trial court to make *an inquiry* to satisfy itself that there is a factual basis for a conditional plea of guilty or no contest. The purpose of the factual basis requirement is to help ensure that the constitutional standards of voluntariness and intelligence are met." (*People v. Palmer* (2013) 58 Cal.4th 110, 118 (*Palmer*).) The trial court can satisfy itself that there is an adequate factual basis "by having the defendant describe the conduct or answer questions, by detailing a factual basis, or by having defense counsel stipulate to a particular document such as the transcript of a preliminary hearing as providing a factual basis for a plea. (*People v. Holmes* (2004) 32 Cal.4th 432, 435-436, 442.)" (*People v. Marlin*, *supra*, 124 Cal.App.4th at pp. 571-572.) "The trial court need not obtain an element-by-element factual basis but need only obtain a prima facie factual basis for the plea." (*Id.* at p. 572; *People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1578.) The totality of the circumstances may support a reasonable inference as to a particular element of an offense. (See *Wilkerson*, at p. 1580.)

" '[A] trial court possesses wide discretion in determining whether a sufficient factual basis exists for a guilty plea. The trial court's acceptance of the guilty plea, after pursuing an inquiry to satisfy itself that there is a factual basis for the plea, will be reversed only for abuse of discretion.' " (*Palmer*, *supra*, 58 Cal.4th at pp. 118-119.)

The trial court in this case conducted a sufficient inquiry into the factual basis of the plea. Prior to accepting defendant's plea, the court read defendant the complaint, which specifically named the victim, the date of the offense, and the elements of the offense, including that the threat be communicated to the victim. (See *People v. Holmes* (2004) 32 Cal.4th 432, 436.) The court reviewed the plea form, in which defendant acknowledged that he had a full opportunity to discuss the facts of his case, including the

4

elements of the charged offense and any defenses he might have with his attorney. (See *Palmer*, *supra*, 58 Cal.4th at p. 119.)  In the plea form, defendant also specified a police report provided a factual basis for the plea.  The court inquired of both defendant and defense counsel as to the factual basis of the plea.  Defense counsel indicated the pretrial release report summarizing the police report provided a factual basis, and defendant agreed.  The pretrial release report indicates that defendant made repeated threats to kill the victim, with a gun or with his bare hands.  It also indicates that the victim was afraid of defendant and in fear for her life and her children's safety, and sought a restraining order against defendant after the threats were made.  It is reasonable to infer from the totality of the circumstances that defendant's threats were communicated to the victim.  This inquiry satisfied the requirement of section 1192.5, and therefore, the trial court did not abuse its discretion in accepting the plea.

## DISPOSITION

The judgment is affirmed.

/s/
WISEMAN, J.*

We concur:

/s/
ROBIE, Acting P. J.

/s/
MAURO, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.