Filed 3/14/14  P. v. Sanchez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048868 |
| v. | (Super. Ct. No. 12NF4071) |
| JAIME GUTIERREZ SANCHEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, W. Michael Hayes, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Jaime Gutierrez Sanchez filed a notice of appeal after he pleaded guilty to second degree commercial burglary (Pen. Code, §§ 459, 460; all statutory references are to the Penal Code unless noted). His appointed counsel filed a brief summarizing the case, but advised this court there were no issues to support an appeal. After conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende),* we affirm.

FACTS

Officer Michael Brannigan testified at Sanchez's preliminary hearing the manager of a Johnny Rockets restaurant in Anaheim reported a burglary on August 28, 2011. Surveillance video showed a man entering the restaurant after hours at 3:45 a.m. and leaving at 3:51 a.m. He appeared to remove something from the unlocked safe. A second man entered at 4:52 a.m. and left at 4:57 a.m. The second man carried a pair of scissors and also appeared to remove something from the safe. The manager reported a loss of $462.50. Both men entered through a metal exterior door. The door lock mechanism was intact, but Brannigan saw new scratch or pry marks on the door frame and associated metal shavings. Investigators recovered scissors at the scene. The tips of the scissors were bent. DNA found on the scissors matched Sanchez's DNA profile "at all tested locations."

On July 12, 2013, Sanchez pleaded guilty to burglary based on his understanding the court would impose an eight-month sentence. He executed a superior court advisement and waiver of rights felony guilty plea form. According to the plea form, he admitted that on August 28, 2011, he "willfully and unlawfully entered Johnny Rockets with the specific intent to commit larceny." Sanchez agreed to pay restitution and various other fines and fees. He expressly waived his right to appeal, waived the right to a probation report, and requested immediate sentencing. The abstract of judgment reflects the eight-month term was imposed consecutively to a two-year term for attempted first degree burglary imposed in another case.

2

On August 15, 2013, Sanchez's lawyer requested a certificate of probable cause (§ 1237.5; Cal. Rules of Court, rule 30(b)(5)) stating the guilty plea was "illegal" because Sanchez "does not speak English.  He was charged with this case when he was in jail for another case.  He did not commit this crime . . . but his attorney told him the police had his DNA on a pair of scissors and photos of the person . . . .  The photos were clear and the person in them was not [Sanchez].  His attorney pressured him to plead guilty and told him she was sure he would lose if he took the case to trial and he would get more time.  She scared him into signing the plea and was ineffective for failing to help him when he was not the person who committed the crime.  When he asked her to send him an appeal form to appeal his case she said 'no' and that he did not have a good reason to appeal."  The trial court denied the request for a certificate of probable cause on August 27, 2013.

DISCUSSION

Sanchez's appellate lawyer asked that we review the record to determine whether a sufficient factual basis was established to accept Sanchez's guilty plea.  (Citing *People* v. *Holmes* (2004) 32 Cal.4th 432.)  Appellate counsel represents in her declaration attached to the opening brief she has read the entire record and conducted the necessary legal research.  She advised Sanchez by letter of the nature of her brief, informed him she would serve him with a copy, he could file a supplemental opening brief within 30 days of her brief, and she would provide him with a copy of the record on appeal to aid him in preparing a supplemental brief.  She also advised him he could request a different appellate lawyer.[1]

---

[1]     Appellate counsel advised us in a letter filed March 7, 2014 the mail she sent to Sanchez in prison in January 2014 was returned with a stamp indicating he was no longer in custody.  Sanchez advised her he expected to be deported to Mexico around January 10, 2014.  Mail sent to Sanchez at the address he gave her was stamped "return to sender" with a handwritten note "deported to Mexico."  Counsel states she does not have an address for Sanchez in Mexico and she is unable to provide this court with a forwarding address for him.

Although not required to do so, we have considered the possible issue listed by counsel and conclude it does not raise an arguable issue.  We have conducted a review of the entire record under *Wende, supra,* 25 Cal.3d 440 and *Anders v. California* (1967) 386 U.S. 738, and we find no other arguable issues on appeal.  Sanchez has not filed a supplemental brief.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124 [appellate court must address issues raised personally by appellant in a *Wende* proceeding].)

DISPOSITION

The judgment is affirmed.


ARONSON, ACTING P.J.

WE CONCUR:


FYBEL, J.


IKOLA, J.

4