Filed 7/29/14  P. v. Galaviz CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064806 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD247287) |
| MICHAEL GALAVIZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Affirmed.

Loleena Ansari, by appointment of the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Counsel has filed a brief asking this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436.  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A. *Factual Background*[1]

At around 9:30 p.m. on March 22, 2013,[2] San Diego Police Department Officer Ryan Larson responded to a call about a disturbance involving a White male and an intoxicated Hispanic male who were arguing in an alley. At the scene, Officer Larson found Galaviz in an intoxicated state, staggering around, yelling loudly, and slurring his speech. When Officer Larson asked Galaviz to take a seat on the curb, Galaviz aggressively said, "I ain't going to do shit," and "Who the fuck are you?" When Galaviz took off his backpack, Officer Larson asked told him to stop what he was doing, but Galaviz did not comply. Galaviz then clenched his right and left fists and took what Officer Larson described as a "fighting stance." Fearful that Galaviz wanted to fight, Officer Larson pulled out his taser from his duty belt. Galaviz said, "I ain't doing shit," picked up his backpack, and began walking towards the officer. Concerned that Galaviz was going to hurt him, Officer Larson holstered his taser and sprayed Galaviz with "OC spray." Galaviz started to scream, clenched his fists again, flexed his arms, and again began walking towards Officer Larson. Officer Larson then unholstered his taser and tasered Galaviz, who was within arm's reach. Believing the taser was not effective because Galaviz started trying to pull out the wires and took a couple of quick steps

---

1       As Galaviz entered a guilty plea before a trial was held in this matter, the following factual background is derived from the reporter's transcript of the preliminary hearing held on May 21, 2013.

2       All further dates are to calendar year 2013.

towards him, Officer Larson abandoned the taser and took out his baton. Galaviz then began to comply. When Officer Larson told him to get on the ground, Galaviz complied and Officer Larson handcuffed him. Galaviz's behavior continued to be assaultive as he twice spit at Officer Larson yelling, "I'll fucking kill you!" Other officers eventually arrived at the scene and assisted Officer Larson in taking Galaviz into custody.

B. *Procedural Background*

In early April the San Diego County District Attorney filed a felony complaint charging Galaviz with felony vandalism (count 1: Pen. Code,[3] § 594, subds. (a) & (b)(1)), misdemeanor resisting an officer (count 2: § 148, subd. (a)(1)), and misdemeanor public intoxication (count 3: § 647, subd. (f)). The complaint alleged Galaviz had suffered specific probation denial priors (§ 1203, subd. (e)((4)) and two prison priors (§§ 667.5, subd. (b) & 668). Later that month the court granted Galaviz's motion for self-representation.

In early May an amended complaint was filed against Galaviz realleging counts 1 through 3 and adding a fourth count charging him with felony resisting an executive officer (§ 69). At the arraignment on the amended complaint, Galaviz entered a plea of not guilty. Galaviz thereafter filed a motion to suppress evidence pursuant to section 1538.5.

In late May the court conducted the preliminary hearing. During the testimony of the first witness, Galaviz asked the court whether he was allowed to "do a 1538 hearing

---

3    All further statutory references will be to the Penal Code.

motion" at the end of the preliminary hearing. After informing Galaviz that a motion under section 1538.5 "is a noticed motion," the court stated, "Today you cannot bring it." Galaviz replied, "Okay." After considering the evidence presented at the preliminary hearing and hearing the arguments of the parties, the court held Galaviz to answer all of the counts and allegations set forth in the amended complaint.

In early June an information was filed realleging the counts[4] and allegations set forth in the amended complaint, and Galaviz, who was still representing himself, thereafter filed a motion to dismiss in which he asked the court to "separate charge count ONE from charge FOUR." On June 5 the court suspended criminal proceedings pursuant to section 1368 and ordered a mental competency exam and hearing. Also on this day the court appointed a deputy public defender to represent Galaviz.

On August 15, Dr. Matthew Carroll from the County of San Diego Health and Human Services Agency filed a forensic psychiatry clinical report regarding Galaviz's mental competency. The next day defense counsel stipulated to both Dr. Carroll's qualifications and the findings in his report. After reviewing the case file and Dr. Carroll's report, the court found Galaviz to be mentally competent to stand trial.

At the August 29 arraignment on the information, Galaviz entered a plea of not guilty. The next day, at a change-of-plea hearing, Galaviz—assisted by counsel—initialed and signed a guilty plea form indicating that he was pleading guilty to misdemeanor

---

4       The four counts were renumbered in the information as follows: Count 1: felony vandalism (§ 594, subds. (a) & (b)(1)); count 2: felony resisting an executive officer (§ 69); count 3: misdemeanor resisting an officer (§ 148, subd. (a)(1)); and count 4: misdemeanor public intoxication (§ 647, subd. (f)).

resisting an officer, as charged in count 3, subject to specified terms. As the basis for his guilty plea, Galaviz admitted that he "willfully and unlawfully resist[ed], delayed or obstructed a public peace officer in the discharge of his duties." The court accepted the guilty plea after questioning Galaviz, finding that Galaviz had entered the plea "knowingly, intelligently, and voluntarily."

In accordance with the terms of the negotiated plea agreement, the court at sentencing denied probation, dismissed the remaining counts and allegations in the information, lifted the stay on the execution of the three-year prison term imposed in a prior case (SCD243722), and terminated Galaviz's probation in a third case (SCS255144). In case number SCD243722, Galaviz received 620 days of presentence credit. In this case (SCD247287), he received 328 days of presentence credit.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U. S. 738, counsel refers to the following as possible, but not arguable, issues: (1) Is Galaviz's guilty plea constitutionally valid?; (2) Did the court comply with its duty under section 1192.5 and *People v. Holmes* (2004) 32 Cal.4th 432 to establish a sufficient factual basis for the guilty plea?; (3) Was Galaviz sentenced in accordance with his guilty plea agreement?; (4) Did the court err in amending the complaint before the information was filed?; (5) Did the court err in denying Galaviz's

request for a hearing on his motion to suppress evidence under section 1538.5?; and (6) Did the court err in finding Galaviz mentally competent?

We granted Galaviz permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436, and *Anders v. California, supra*, 386 U.S. 738, including the possible issues raised by appellate counsel, has disclosed no reasonably arguable appellate issue. Galaviz has been represented adequately by appellate counsel.

DISPOSITION

The judgment is affirmed.

NARES, Acting P. J.

WE CONCUR:

HUFFMAN, Acting P. J.

AARON, J.

6