Filed 6/30/15  P. v. Rhoades CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050984 |
| v. | (Super. Ct. No. 14NF3449) |
| JEFFERY CURTIS RHOADES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Roger B. Robbins, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

*          *          *

Defendant Jeffery Curtis Rhoades pled guilty to theft with three prior convictions, and admitted allegations of multiple prior convictions and an out-on-bail sentencing enhancement. Defendant appeals.

We appointed counsel to represent defendant on appeal. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth the facts of the case, raising no issues, and requesting that we independently review the entire record. We provided defendant 30 days to file written argument on his own behalf. The time for filing a supplemental brief has passed, and no written argument has been filed by defendant.

We have examined the entire record and appointed appellate counsel's *Wende/Anders* brief; we find no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

Defendant was charged in a felony complaint with one count of theft with three prior convictions. (Pen. Code, §§ 484, subd. (a), 666, subd. (a).) The felony complaint also included a sentencing enhancement for defendant having committed the crime while out on bail on another crime (Pen. Code, § 12022.1, subd. (b)), and allegations of six prior prison term convictions pursuant to Penal Code section 667.5, subdivision (b), and one prior conviction pursuant to Penal Code sections 667, subdivisions (d) and (e)(1), and 1170.12, subdivisions (b) and (c)(1). Defendant pled guilty, admitted the sentencing enhancement, and admitted all priors.

Defendant's written allocution reads as follows: "In Orange County, California, on 7/12/2014, I did unlawfully steal/take away the personal property of Home Depot, with the intent to deprive Home Depot of possession & ownership and I had been convicted of theft related crime for which I was sentenced to serve time at a penal institute in the following cases: on 12/30/1998 in Riverside County, CA in

2

HE[F]001711, 9/7/1995 in San Bernardino County, CA in FSB08411, 5/16/1994 in San Bernardino County CA in FW[V]02868, 9/20/1990 in San Bernardino County, CA in SCR50987." The trial court sentenced defendant to seven years in state prison.[1] Defendant filed a timely notice of appeal. Defendant was also sentenced to concurrent terms on two other cases. Those cases are not at issue in this appeal.

ANALYSIS OF POTENTIAL ISSUES

Appointed counsel suggested we consider whether the trial court abused its discretion when it accepted defendant's proffered statement of facts as sufficient to form a prima facie factual basis for his guilty plea. We conclude that the statement of facts was sufficient, and the trial court did not abuse its discretion. The court questioned defendant to determine whether the factual basis for the guilty plea in this case was true; defendant confirmed that it was before pleading guilty, and his trial counsel joined in the plea and waivers. (Pen. Code, § 1192.5; *People v. Holmes* (2004) 32 Cal.4th 432, 435-436.) The statement of facts included all essential elements of the crime with which defendant was charged. (Pen. Code, § 484, subd. (a); *People v. Ortega* (1998) 19 Cal.4th 686, 693.)

Our review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738, including the possible issue suggested by counsel, has disclosed no reasonably arguable appellate issue. Competent counsel has represented defendant in this appeal.

---

[1] Defendant later filed a motion pursuant to Penal Code section 1170.18 to designate the felony violation as a misdemeanor. The prosecution did not object, and the trial court granted the motion. The court resentenced defendant to 365 days in the Orange County jail, and awarded him 366 days of custody and conduct credit.

DISPOSITION

The judgment is affirmed.


                                        FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.