Filed 6/9/23 P. v. Wilding CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C097261 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F0024) |
| v. | |
| LANCE HUNT WILDING, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Lance Hunt Wilding filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We shall affirm the judgment, but direct preparation of a corrected abstract of judgment to properly reflect the fees orally imposed.

1

## BACKGROUND

The complaint charged defendant with 34 counts plus one enhancement. Because defendant pled guilty to only four of those counts (and admitted the enhancement), we shall limit our discussion to those counts. In count 1, the criminal complaint charged defendant with attempted murder of S.W. (Pen. Code, §§ 187, subd. (a), 664, subd. (a).)[1] In count 2, the complaint charged defendant with corporal injury to a spouse, cohabitant, or child's parent against S.W. (§ 273.5, subd. (a).) In count 11, the complaint charged defendant with criminal threats against F.W. (§ 422), and in count 12 with child abuse under circumstances likely to cause great bodily injury or death against R.W. (§ 273a, subd. (a).) As to count 1, the complaint further alleged defendant committed counts 1 and 2 (and three other counts) while personally inflicting great bodily injury under circumstances involving domestic violence. (§ 12022.7, subd. (e)).

Defendant was arraigned on January 6, 2022; he pleaded not guilty to all 34 of the charges and denied the enhancement.

On January 19, 2022, defendant returned to court to plead guilty to the four counts detailed above and to admit the enhancement as to count 2, in exchange for a sentence of 17 years to life in prison and dismissal of the remaining 30 counts and enhancements. The trial court dismissed the remaining counts.

During the plea colloquy, the trial court confirmed defendant had initialed and signed the change of plea form. Defendant told the court he had read through the agreement and understood what he initialed and asked his attorney any questions he had and his attorney answered them. The court noted counsel did not join in the change of plea. Counsel explained this was intentional and told the court that counsel had *not* discussed the facts, elements, or potential defenses to any of the charges with defendant.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court asked defendant if this was true. When defendant said it was, the court engaged defendant in a four-page colloquy in which the court confirmed defendant understood the charges and the agreement he had reached, had sufficient time to talk to counsel, had no additional questions for counsel, and that pleading as indicated was his deliberate choice. The court took defendant's pleas and admission of the enhancement. The parties stipulated to the police report, which is not in our record, as the factual basis for the plea. (See *People v. Holmes* (2004) 32 Cal.4th 432, 442 [if the parties stipulate to an identifiable document on the record, section 1192.5's requirement to establish a factual basis for the plea is satisfied].)

After the trial court took defendant's plea, it found defendant "seemed of sound mind today. He's shown no information or tendencies here to cause me to believe he's not knowing what he's doing. He has his own reasons for making an intelligent choice."

On March 14, 2022, the trial court sentenced defendant as agreed; the upper term of four years in prison for corporal injury to a spouse, cohabitant, or child's parent plus the middle term of four years for the domestic violence enhancement; one third the middle term (eight months) for criminal threats, one third the middle term (16 months) for the child abuse likely to cause great bodily harm or death, and seven years to life for the attempted murder for a total term of 17 years to life in prison.[2] The court imposed a $300 restitution fine (§ 1202.4), an equal parole revocation fine (§ 1202.45), three court operations fees for a total of $120 (§ 1465.8), and three conviction assessment fees for a total of $90 (Gov. Code, § 70373).

In June 2022, defendant filed a petition for habeas corpus arguing his attorney rendered ineffective assistance because she failed to investigate and determine he had serious mental health issues that called into question his competence at the plea hearing.

---

[2] The trial court issued an amended abstract of judgment on March 16, 2023, to properly reflect the sentence on count 1 as life in prison with the possibility of parole.

He purported to appeal from the non-appealable order denying his petition (see *In re Clark* (1993) 5 Cal.4th 750, 767 fn. 7), and we granted his motion to construe the notice of appeal as timely and constructively filed from his sentencing hearing.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

We note an error in the abstract of judgment, however. The abstract of judgment reflects three court operations fees totaling $120 (§ 1465.8) and three criminal conviction assessment fees totaling $90 (Gov. Code, § 70373) assessed by the trial court for the determinate sentence but adds another of each of these fees for the indeterminate sentence. The court did not impose these two additional fees at sentencing. The oral pronouncement of the court controls; thus, we will direct the court to conform the abstract to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.)

4

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment omitting the fees not orally imposed, and to forward a certified copy thereof to the Department of Corrections and Rehabilitation.

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　Duarte, Acting P. J.

We concur:

　　/s/
Renner, J.

　　/s/
Horst, J.*

---

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5