Filed 12/21/23  P. v. Salazar CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO SALAZAR et al.,<br><br>    Defendants and Appellants. | B327454<br><br>(Los Angeles County<br>Super. Ct. No. GA092102) |

APPEAL from postjudgment orders of the Superior Court of Los Angeles County.  Teri Schwartz, Judge.  Reversed with directions.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant Francisco Salazar.

Lori A. Nakaoka, under appointment by the Court of Appeal, for Defendant and Appellant Fernando Pereida.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

Francisco Salazar and Fernando Pereida appeal the denial of their petitions for resentencing under Penal Code[1] section 1172.6 (former § 1170.95)[2] at the prima facie stage. Appellants contend the superior court improperly weighed evidence and made findings of fact based on erroneous conclusions about the substance of appellants' pleas and the preliminary hearing transcript to deny their petitions. We agree. The orders denying appellants' petitions under section 1172.6 are therefore reversed, and both matters are remanded to the superior court for issuance of orders to show cause and further proceedings in accordance with section 1172.6, subdivision (d).

## FACTUAL[3] AND PROCEDURAL BACKGROUND

In the early morning hours of October 27, 2013, Raul Garcia was at a house party, where someone pointed out appellants Pereida and Salazar to him by name. Garcia left the party and walked to his car parked down the street. It was very dark. After Garcia had entered his car, two men approached and stood at the driver's side window. One or both of them asked Garcia where he was from. Garcia responded, "Nowhere." Garcia was then struck by two bullets in the back of his ear and his head, both of which lodged in his face. Garcia did not see a gun and did not know who shot him, but he identified Pereida

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3] The following factual summary is drawn from the transcript of the preliminary hearing.

and Salazar as the two men who stood at his car window and asked where he was from.

On September 9, 2014, defendants Pereida and Salazar were charged by information with one count of attempted willful, deliberate, and premeditated murder. (§§ 664/187, subd. (a).) It was further alleged that a principal personally and intentionally discharged a firearm, causing great bodily injury (§ 12022.53, subds. (b), (c), (d), & (e)), and that the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C) & (b)(4)). Defendants pleaded not guilty and denied the allegations.

On February 11, 2016, both defendants withdrew their pleas of not guilty and pleaded no contest to count 1. Each admitted the allegation pursuant to section 12022.53, subdivisions (c) and (e)(1) that a principal personally discharged a firearm, and also admitted the gang allegation. The trial court granted the People's motion to amend the information to strike the allegation that the attempted murder was willful, deliberate, and premeditated. Counsel for both defendants stipulated to a factual basis for the plea based on the preliminary hearing transcript and arrest reports. In accordance with the plea agreement, the trial court sentenced each defendant to a term of 29 years in state prison, consisting of the upper term of nine years for attempted murder plus 20 years for the principal-armed enhancement pursuant to section 12022.53, subdivisions (c) and (e)(1). The gang enhancement under section 186.22, subdivision (b)(1)(C) was imposed and stricken pursuant to the plea agreement.

On February 14, 2022, appellant Pereida filed a petition for resentencing under section 1172.6. Appellant Salazar filed his section 1172.6 petition for resentencing on March 23, 2022. Both

3

petitions alleged that a complaint, information, or indictment was filed which allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; appellants accepted plea offers in lieu of a trial at which they could have been convicted of attempted murder; and appellants could not presently be convicted of attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.  (§ 1172.6, subd. (a).)

Following appointment of counsel for appellants and briefing by the parties, the superior court conducted a prima facie hearing on the petitions on December 14, 2022.  The superior court stated it had reviewed the preliminary hearing transcript and determined that "[t]he information in this case did not allow the prosecution to proceed under the felony murder or natural and probable consequence doctrine.  This was an express malice attempted murder and both Mr. Salazar and Mr. Pereida were principals in the offense.  So there's no imputation of express malice."  The court further noted that appellants "pled no contest to express malice attempted murder and admitted a personal use of a firearm allegation."  It then denied the petitions on the ground that appellants had failed to make the requisite prima facie showing and were ineligible for relief under section 1172.6 as a matter of law.

## DISCUSSION

### The Superior Court Erred in Denying Appellants' Petitions for Resentencing Without Conducting an Evidentiary Hearing in Accordance with Section 1172.6, Subdivision (d)

Appellants assert that their petitions adequately alleged the conditions for relief under section 1172.6, thereby making a

4

prima facie showing of eligibility.  Because there was nothing in the record the superior court could properly rely on at this stage to conclusively refute these allegations, appellants contend reversal is required and the matter must be remanded for issuance of orders to show cause and a hearing in accordance with section 1172.6, subdivision (d).  We agree.

### A. *Applicable legal principles*

Attempted murder requires that the defendant harbor express malice, that is, the specific intent to kill.  (*People v. Sanchez* (2016) 63 Cal.4th 411, 457; *People v. Stone* (2009) 46 Cal.4th 131, 139; *People v. Smith* (2005) 37 Cal.4th 733, 739 ["Intent to unlawfully kill and express malice are, in essence, 'one and the same' "].)  When appellants entered their pleas, however, an aider and abettor could be found guilty of attempted murder—even absent the intent to kill—under the natural and probable consequences doctrine.  Under that doctrine, malice could be imputed to an aider and abettor, making that person "guilty not only of the intended, or target, crime but also of any other crime a principal in the target crime actually commits (the nontarget crime) that is a natural and probable consequence of the target crime.  [Citations.]  'Thus, for example, if a person aids and abets only an intended assault, but a murder results, that person may be guilty of that murder, even if unintended, if it is a natural and probable consequence of the intended assault.' " (*People v. Smith* (2014) 60 Cal.4th 603, 611; see *People v. Medina* (2009) 46 Cal.4th 913, 919–928 [defendants who aided and abetted simple assault were guilty of resulting murder and attempted murder by accomplice].)

Effective January 1, 2019, "Senate Bill No. 1437 (2017– 2018 Reg. Sess.) (Stats. 2018, ch. 1015; Senate Bill 1437)

5

eliminated natural and probable consequences liability for murder as it applies to aiding and abetting." (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Curiel* (Nov. 27, 2023, S272238) __ Cal.5th __ [2023 Cal. Lexis 6622, p. *50] (*Curiel*); § 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.) Specifically, the Legislature amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).)

Senate Bill No. 1437 also added section 1172.6 (former § 1170.95) to the Penal Code, creating "a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis, supra*, 11 Cal.5th at p. 957.) Senate Bill No. 775, effective January 1, 2022, amended section 1172.6 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

Upon the filing of a properly pleaded petition for resentencing, the superior court must appoint counsel if requested, and then conduct a prima facie analysis with briefing to determine the petitioner's eligibility for relief. (§ 1172.6, subds. (b)(3) & (c); *Lewis, supra,* 11 Cal.5th at pp. 957, 960; *People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).) "[T]he prima facie inquiry . . . is limited. . . . ' "[T]he court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court

6

must issue an order to show cause." ' " (*Lewis,* at p. 971; *Curiel, supra,* __ Cal.5th __ [2023 Cal. Lexis, p. *52].) In making its assessment, the superior court may consider the petitioner's record of conviction. (*Lewis*, at pp. 970–971.) And in cases where the conviction resulted from a guilty plea rather than a trial, the record of conviction may include the transcript of the petitioner's preliminary hearing. (*People v. Reed* (1996) 13 Cal.4th 217, 223.) As *Lewis* explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis,* at p. 971.) However, "the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 974; *People v. Flores* (2022) 76 Cal.App.5th 974, 991 (*Flores*) [at prima facie stage, superior court is prohibited from engaging in factfinding].)

We review de novo whether the trial court properly denied appellants' section 1172.6 petitions without issuing orders to show cause. (*People v. Coley* (2022) 77 Cal.App.5th 539, 545; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).) A denial at this stage is appropriate only if the record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law. (*Lewis, supra*, 11 Cal.5th at p. 960.)

**B. *Neither the information nor appellants' pleas to attempted murder establish ineligibility for resentencing as a matter of law***

The information charged appellants with one substantive offense: "attempted willful, deliberate, and premeditated murder." Pursuant to the plea agreement, and at the People's request, the trial court amended the information "to strike the

7

willful, deliberate, and premeditated" allegation, and both defendants pleaded no contest to "straight attempt[ed] murder." Nothing in the information itself or the attempted murder charge to which appellants pleaded no contest prevented the prosecution from presenting any available theory of attempted murder liability to convict appellants, and at the time of appellants' no contest pleas in February 2016, such theories included liability under the natural and probable consequences doctrine. (*People v. Favor* (2012) 54 Cal.4th 868, 879 ["it is only necessary that the attempted murder 'be committed by one of the perpetrators with the requisite state of mind' "]; see also *People v. Das* (2023) 96 Cal.App.5th 954, 959; *People v. Rivera* (2021) 62 Cal.App.5th 217, 233 (*Rivera*) ["the allegation that a murder was committed 'willfully, unlawfully, and with malice aforethought' is a generic charge permitting the prosecution to proceed on *any* theory of murder"]; accord, *Flores, supra,* 76 Cal.App.5th at p. 987; *Eynon, supra,* 68 Cal.App.5th at pp. 970–971.)

The fact that attempted murder requires an intent to kill, and that appellants pleaded to the offense, does not conclusively establish that each defendant personally intended to kill the victim, much less answer the question whether that intent could have been imputed to him under the natural and probable consequences doctrine. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1007–1008 [trial court erred in inferring from the jury's finding of guilt of attempted murder that the jury must have found the defendant personally possessed the intent to kill where the conviction under a natural and probable consequences theory was possible].)

Contrary to the superior court's findings, the information in this case did not specify or limit the prosecution to any particular

theory of attempted murder. (*Rivera, supra,* 62 Cal.App.5th at p. 233.) Our Supreme Court has held that "only a single statutory offense of murder exists." (*People v. Nakahara* (2003) 30 Cal.4th 705, 712.) "Thus, 'it has long been the law in this state that an accusatory pleading charging murder need not specify degree or the manner in which the murder was committed' (*People v. Thomas* (1987) 43 Cal.3d 818, 829, fn. 5), nor need it 'specify the theory of murder on which the prosecution relies at trial.' (*People v. Contreras* (2013) 58 Cal.4th 123, 147.) Specifically, neither felony murder nor murder under the natural and probable consequences doctrine need be separately pleaded." (*Rivera, supra,* 62 Cal.App.5th at p. 233, citing *Nakahara*, at p. 712 [felony murder]; *Gentile, supra*, 10 Cal.5th at p. 843 [aiding and abetting not a separate offense]; *People v. Garrison* (1989) 47 Cal.3d 746, 776, fn. 12 [accusatory pleading that charges the defendant "as a principal is sufficient to support a conviction as an aider or abettor"].)

Appellants also did not plead "to express malice attempted murder," nor did they admit to or stipulate to any other theory of attempted murder. Instead, the record definitively shows that appellants pleaded "just to a straight attempt[ed] murder," without "the willful, deliberate, premeditated" allegation. Neither one admitted harboring an intent to kill.

The superior court also erred in finding that appellants "admitted a personal use of a firearm allegation." They did not. Rather, the record of the plea colloquy is clear that each defendant admitted that "a *principal* personally discharged a firearm" in the commission of the offense pursuant to section 12022.53, subdivisions (c) and (e)(1). (Italics added.) Neither defendant admitted that he personally discharged a firearm.

Instead, each stipulated he was subject to the firearm enhancement as a non-shooter because he violated the gang enhancement statute (§ 186.22, subd. (b)) and another principal in the offense personally and intentionally discharged a firearm (§ 12022.53, subds. (c), (e)(1)).

A defendant's admission to a principal's use of a firearm does not constitute an admission to personal use of a firearm by the defendant, or an admission of express malice. (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598.) In *Offley* the court held that because "an enhancement under section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought." (*Ibid*.) As it does now, section 12022.53, subdivision (d) provided a sentence enhancement for persons who personally and intentionally discharge a firearm and proximately cause great bodily injury in the commission of attempted murder or other specified felony. The *Offley* court found section 12022.53, subdivision (d) "does not refer to an 'intent to achieve any additional consequence.' [Citation.] It is thus a general intent enhancement, and does not require the prosecution to prove that the defendant harbored a particular mental state as to the victim's injury or death." (*Ibid*.)

Here, subdivision (c) of section 12022.53 is similar to subdivision (d) but omits the requirement the shooting proximately caused great bodily injury or death. (§ 12022.53, subd. (c) [prescribing an additional and consecutive 20-year term of imprisonment for committing attempted murder by "personally and intentionally discharg[ing] a firearm"].) It requires the intentional discharge of a firearm but does not refer to an intent

10

to achieve any additional consequence. While an inference could be made that either or both Pereida and Salazar were actual shooters who acted with the intent to kill, as we have discussed, neither defendant's plea included an admission he was an actual shooter or that he intended to shoot or kill Garcia. In order to draw such an inference and deny appellants' petitions at the prima facie stage, the superior court must have engaged in prohibited factfinding. (*Lewis, supra*, 11 Cal.5th at p. 972.)

In sum, neither the information nor any aspect of appellants' plea to the charge conclusively establishes appellants are ineligible for resentencing pursuant to section 1172.6 as a matter of law.

**C. *Appellants' stipulation to the preliminary hearing transcript as a factual basis for their pleas does not establish ineligibility for relief***

Through counsel, both defendants stipulated to a factual basis for their pleas based on the preliminary hearing transcript and arrest reports. The superior court cited the preliminary hearing transcript as a basis for denying the resentencing petitions at the prima facie stage.[4] However, neither appellants'

---

[4] Courts of Appeal are split on the significance of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing under section 1172.6, and the issue is now before the Supreme Court. (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 (*Patton*) [issue under review is whether trial court engaged in impermissible judicial factfinding at the prima facie stage by relying on preliminary hearing transcript to deny defendant's section 1172.6 petition]; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1161 [court may consider information

stipulation to the preliminary hearing transcript as the factual basis for the plea, nor the preliminary hearing testimony itself establishes appellants' ineligibility for resentencing under section 1172.6.

The finding of a factual basis for a guilty or no contest plea means nothing more than that a prima facie factual basis for the charges has been established.  (*People v. Holmes* (2004) 32 Cal.4th 432, 441.)  The trial court is not required to inquire about possible defenses to the charged crime, nor must the court even be convinced of the defendant's guilt.  (*Ibid.*; *Rivera, supra*, 62 Cal.App.5th at p. 235.)  Moreover, "[a] defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document, such as a police report or a preliminary

---

contained in the preliminary hearing transcript when it is stipulated as the factual basis for the plea]; *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 (*Davenport*) [court held preliminary hearing transcript was part of the record of conviction, but concluded the trial court erroneously relied on that transcript to make the prima facie determination because the defendant "did not stipulate to the transcript as a factual basis for his plea"]; contrast, *Flores, supra*, 76 Cal.App.5th at p. 991 [information in the preliminary hearing transcript may not be used to find a petitioner is ineligible for relief as a matter of law].)

Because we conclude that the preliminary hearing transcript in this case does not conclusively establish appellants' ineligibility for resentencing under section 1172.6, we need not and do not reach the question of whether and under what circumstances the preliminary hearing transcript may be used to determine if a resentencing petition states a prima facie claim for relief.

hearing transcript." (*People v. French* (2008) 43 Cal.4th 36, 50–51.) Simply being held to answer on a charge or allegation does not constitute a factual finding that the charge or allegation is true, nor does it constitute a determination that the charge or allegation is supported by substantial evidence. (*Eynon, supra,* 68 Cal.App.5th at pp. 975–976.) "Thus, absent an indication that a defendant admitted the truth of particular facts, the stipulation to a factual basis for the plea does not 'constitute[ ] a binding admission for all purposes.' " (*Rivera*, at p. 235; *French*, at pp. 51–52; see *People v. Hiller* (2023) 91 Cal.App.5th 335, 349 ["Courts have consistently differentiated between an admission that a document or recitation contains a factual basis for a plea and an admission that statements in that document or recitation are true"].) Here, defense counsel stipulated to the preliminary hearing transcript without reference to any particular facts. Thus, defendants did not admit the truth of any of the evidence presented at the preliminary hearing, and that evidence cannot be used to demonstrate that either admitted to acting with actual malice. (See *Rivera*, at pp. 234–235.)

This is obviously not a case in which the only possible scenario is that one defendant was the sole perpetrator. (Cf. *People v. Delgadillo* (2022) 14 Cal.5th 216, 233 [the defendant was "not entitled to any relief under section 1172.6" because he "was the actual killer and the only participant in the killing"].) Clearly, both defendants had some involvement in the shooting that led to the attempted murder charge. But while Garcia identified both defendants as the men who demanded to know "where [he was] from," he did not know who shot him. And although there was some preliminary hearing testimony that Garcia recalled telling his girlfriend it was Pereida who shot him,

13

an affirmative finding that Pereida was the actual shooter based on this evidence would require factfinding that is not permitted at the prima facie stage of a section 1172.6 proceeding. (*Lewis, supra,* 11 Cal.5th at pp. 971, 974; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170 ["a court presented with a section 1172.6 petition may not engage in factfinding that requires weighing evidence or exercising discretion" at the prima facie stage].)

**D. *Appellants adequately alleged a prima facie case for relief and are entitled to an evidentiary hearing in accordance with section 1172.6, subdivision (d)***

The People contend that uncontroverted evidence from the preliminary hearing, the plea hearing, and the section 1172.6 proceedings established appellants' ineligibility for section 1172.6 relief as a matter of law. They assert that appellants failed to establish a "bonafide [*sic*] factual dispute" demonstrating prima facie eligibility for relief, and claim "[t]he record shows, without resort to improper factfinding, that [an] actual perpetrator/direct aiding and abetting theory was the prosecution's theory of the case." In support of their argument, the People cite *Patton, supra,* 89 Cal.App.5th 649 (rev.gr.) and *People v. Pickett* (2023) 93 Cal.App.5th 982, review granted October 11, 2023, S281643 (*Pickett*) as "instructive." However, these cases are distinguishable, and respondent's reliance on them misplaced.

Both *Patton* and *Pickett* were single-perpetrator cases. In *Patton*, the Court of Appeal affirmed the superior court's denial of Patton's section 1172.6 petition on the ground that the preliminary hearing transcript demonstrated that Patton was the sole and actual perpetrator of the attempted murder, making him ineligible for relief as a matter of law. (*Patton, supra,* 89 Cal.App.5th at pp. 652, 657, rev.gr.) Patton also admitted the

14

allegation that he *personally* used and discharged a firearm. (*Id.* at p. 653.)

Similarly, in *Pickett*, the preliminary hearing transcript contained no indication of an accomplice, and the appellate court upheld the superior court's denial of the section 1172.6 petition, finding "[t]he inference that Pickett acted alone and was the actual killer is uncontradicted and compelling." (*Pickett, supra,* 93 Cal.App.5th at p. 990.) The *Pickett* court noted that in response to the district attorney's evidence in opposition to the petition, Pickett had asserted no objection or offered any evidence or argument that might have raised a factual issue as to his involvement in the victim's death. (*Ibid.*) The court declared, "We can thus assess Pickett's prima facie showing without 'engag[ing] in "factfinding involving the weighing of evidence" ' or making any credibility determinations (*Lewis, supra*, 11 Cal.5th at p. 972), because Pickett offered no evidence to weigh, and did not dispute the evidence the district attorney submitted." The court went on to hold, "Under these circumstances, where the defendant alleges no facts concerning the murder to which he pleaded guilty, the People introduce without objection uncontroverted evidence from the preliminary hearing transcript showing that the defendant acted alone in killing the victim, and the defendant does not put forth, by way of briefing or oral argument, any factual or legal theory in support of his petition, the defendant has failed to make a prima facie showing for relief under section 1172.6." (*Ibid.*, citing *Patton, supra*, 89 Cal.App.5th at p. 657, rev.gr.)

This case does not involve the "sole perpetrator" scenario presented in *Patton* and *Pickett*. Rather, the record of conviction in this case—that is, the preliminary hearing transcript,

15

information, and plea colloquy—established there were two defendants, both of whom were charged with the attempted murder of Garcia, and neither of whom admitted that he personally discharged a firearm. Indeed, the identity of the actual shooter was unknown. The record is silent as to any specific theory of defendants' criminal liability, and the prosecution was not limited to pursuing any particular theory.

Further, we decline to impose the additional burden implicit in the People's argument, which would require the petitioner to make an offer of proof or submission of evidence to rebut any facts taken from a preliminary hearing transcript. (See *Davenport, supra*, 71 Cal.App.5th at p. 483 [the requirement at the prima facie stage that a petitioner counter evidence from the preliminary hearing "allocates to petitioners an evidentiary burden that should be on the state [citation], and effectively raises ' "the prima facie bar [that] was intentionally and correctly set very low" ' "]; cf. *Strong, supra*, 13 Cal.5th at p. 713 ["We agree . . . that a defendant *may* still challenge prior adverse special circumstance findings in other types of proceedings, just as the defendant could have before section 1172.6 was enacted. But nothing in section 1172.6 says that a defendant *must* always do so before seeking resentencing"].) In short, "a petitioner who alleges that he or she could not currently be convicted of a homicide offense 'because of changes to Section 188 or 189 made effective January 1, 2019' (§ 1172.6, subd. (a)(3)) puts at issue all elements of the offense under a valid theory." (*Curiel, supra, __* Cal.5th __ [2023 Cal. Lexis 6622, p. *51].) And "[o]nly where the record of conviction contains facts *conclusively* refuting the allegations in the petition may the court make credibility determinations adverse to the petitioner." (*Flores, supra*, 76

16

Cal.App.5th at p. 991.)  If the record of conviction—including the preliminary hearing transcript—contains conflicting evidence regarding the petitioner's guilt under current law, the trial court is not authorized to resolve that conflict at the prima facie stage. (*Id.* at pp. 991–992.)

## DISPOSITION

The orders denying appellants' petitions for resentencing under Penal Code section 1172.6 are reversed.  Both matters are remanded to the superior court for issuance of orders to show cause and further proceedings in accordance with Penal Code section 1172.6, subdivision (d).

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

17